UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| SAMMIE DAVIS, | ) Case No. CV 18-03276-JAK (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| L.A. COUNTY SUPERIOR COURT, | ) |
| Respondent. | ) |

## I. BACKGROUND

On March 26, 2018, Sammie Davis ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Southern District of California. (Docket Entry No. 1). On April 18, 2018, the case was transferred to the United States District Court for the Central District of California. (Docket Entry Nos.

2-3).

The Petition does not assert any claims. (See Petition at 5-6). An attachment to the Petition alleges inter alia the following: Petitioner is a "currently concealed CDCR-Inmate general population parolee"; "Case BA #223497 is an illegal L.A. County Sheriff Department arresting agency"; Petitioner has "an illegal CORCORAN SATF state prison custodial unassigned out to court inmate general population security hoursing unit term offense"; and Petitioner's "robbery charged in BA#223754 pursuant to Pen. Code[] Sec. 1385 subd. (B) [] was directly dismissed and refiled in violation of Pen. Code[] Sec 1385 subd.(b), to file an uncharged information for the adverse 644-187 robbery charge case file BA#223497 illegal arrest, with a proposition 115 that was used for a criminal entrapment prosecution by indictment to illegally obatin a conviction for the prosecution of both cases on 8-13-02." (See Petition, Attachment [3 pages]).

A Petition for Writ of Habeas Corpus can only be filed by a petitioner who is in state custody and contends that such custody is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(c).

The claims alleged in the Petition are incomprehensible, vague and conclusory. See Hendrix v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory" or palpably incredible . . . 'or patently frivolous or

2

false.'")(citations omitted).

Moreover, to the extent that Petitioner has attempted to allege an evidentiary error claim (i.e., Proposition 115), this claim only involves the application and/or interpretation of state law and consequently is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(reiterating that it is not the province of a federal habeas court to reexamine state court determinations on state law questions); Smith v. Phillips, 455 U.S. 209, 221 (1982)("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution.").

In addition, Petitioner has failed to allege any claim(s), much less any the claims which go to the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

Finally, since Petitioner has failed to name the proper respondent, the name of the state officer having custody over Petitioner (i.e., prison warden), see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1984); Rule 2(a), Rules Governing Section 2254 Cases in the United States Supreme Court, the Court lacks jurisdiction over the Petition. See Smith v. Idaho, 392 F.3d 350, 352-55 (9th Cir. 2004).

Because Petitioner does not state a claim for relief under 28 U.S.C. § 2254, dismissal of the Petition is warranted.

## II. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 26, 2018

```
                                    _____
                                          JOHN A. KRONSTADT
                                    UNITED STATES DISTRICT JUDGE
```

Presented by:

```
        /s/
    ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
```